UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>          Plaintiff,<br><br>v.<br><br>Arquarius Robertson, et al.,<br><br>          Defendants. | Case No. 2:13-cr-141-JAD-VCF<br><br>**Order Overruling Defendant Arquarius Robertson's Objections to Report and Recommendation and Denying Motion to Inspect the Grand Jury List and to Dismiss Indictment**<br>**[Docs. 55, 69, 71]** |

Defendants Arquarius Robertson, Cortaz Robertson, and William Morrow are charged with the armed robbery of the Palace Station Casino in Las Vegas, Nevada. Doc. 1. Arquarius Robertson, borrowing fringe internet theories from disbarred attorney and prolific website poster Eduardo Rivera, disputes the validity of the indictment on the assertion that federal grand jurors must reside on federal land to return a valid indictment. Doc. 55. He also denies the Article III authority of this court on the theory that the Supreme Court's 1922 opinion in *Balzac v. People of Porto Rico*, 258 U.S. 298, acknowledged that the federal district courts are not true Article III courts. *Id.* at 7.

When Mr. Robertson's attorney refused to move the court to compel the government to turn over the grand jurors' personal contact information so he can interview them, evaluate their "citizenship and residential qualifications," and properly document a motion to dismiss the indictment based on the deficiencies he anticipates, Mr. Robertson moved to invoke his right to self representation and obtained Magistrate Judge Ferenbach's permission to file the motion himself. Docs. 55 at 2-11; 69 at 2. After a *Faretta* hearing[1] and full briefing, the

---

[1] When a defendant clearly and unequivocally asserts a desire to invoke the sixth amendment right to self-representation in a criminal case, *Faretta v. California* requires the court to conduct a hearing during which the defendant is "made aware of the dangers and disadvantages of self-representation so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'" 422 U.S. 806,

Magistrate Judge denied Mr. Robertson's motion for self-representation and recommended that I deny the motion for a grand-jury list and dismissal. Doc. 69 at 10-11. With 55 pages of single-spaced pages of patchwork, cut-and-pasted constitutional, statutory, and case law excerpts sewn together with questions (e.g., "WHAT RULE DID THIS COURT MAKE UP TO GIVE THEMSELVES ARTICLE III AUTHORIZATION?????"), demands (e.g, "I WOULD LIKE TO REQUEST A COPY OF ANY GOVERNORS [sic] DOCUMENTATION OF NOTICE OF ACCEPTANCE AT THE GOVERNMENTS [sic] EARLIEST CONVINCE [sic] SO DEFENDANT CAN VERIFY ITS CONSTITUTIONALITY & AUTHOURITY [sic]?????"), and an occasional reference to Judge Ferenbach's ruling, Mr. Robertson objects to the recommendation. *See* Doc. 71.

I have carefully considered Mr. Robertson's original motion, Judge Ferenbach's recommendation, and Mr. Robertson's objection into which he obviously invested a great deal of time and effort. I give his arguments respect and my full and thoughtful attention, even though the objection was filed late and I could overrule it as untimely without considering its merits.[2] After a *de novo* review, and construing Mr. Robertson's *pro se* filing liberally in the interests of justice,[3] I agree with Judge Ferenbach, adopt and affirm his analysis and conclusions, and deny Mr. Robertson's motion to inspect the grand-jury or dismiss the indictment. Doc. 71.[4]

---

835 (1975) (quoting *Adams v. United States ex rel. McCann*, 317 U.S. 269, 279 (1942)).

[2] The objection was due by 7/14 but not filed until 7/16. *See* Docs. 69, 71, and Fed. R. Crim. P. 59(b)(2).

[3] Even with this liberal construction, it appears that the objection only relates to the denial of the motion for inspection or dismissal (Doc. 55), not any portion of Judge Ferenbach's order regarding his right to self-representation.

[4] Mr. Robertson followed that objection with three letters to the court. *See* Docs. 72, 73, 74. The court now cautions Mr. Robertson that the court will consider only documents filed with the Clerk of Court; letter communications directed to the judge are inappropriate and will be disregarded as I now disregard these letters.

**Discussion**

When a Magistrate Judge recommends disposition of a motion to dismiss an indictment, "[t]he magistrate judge must enter on the record a recommendation for disposing of the matter, including any proposed findings of fact."[5] To dispute the recommendation, a party has 14 days to "serve and file specific written objections to the proposed findings and recommendations. . . . Failure to object in accordance with this rule waives a party's right to review."[6] The district court reviews objections to a magistrate judge's proposed findings and recommendations *de novo*[7] and "may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions."[8] The standard of review applied to the unobjected-to portions of the report and recommendation is left to the district judge's discretion.[9] Moreover, this district's Local Rule IB 3-2(b) requires *de novo* consideration of specific objections only.[10]

Mr. Robertson's objection is a general one. Although he offers 55 pages of single-spaced excerpts from various publications, the relevance of the authorities he offers is primarily unstated, and he introduces the objection as "a series of case laws filled with information in order for [his] argument to be seen as a whole." Doc. 71 at 1. He asks the court to respond "in the same manner." *Id*. The thrust of his objection is his belief that Magistrate Ferenbach chose "to only speak on what he thought he could feasibly graze upon

---

[5] Fed. R. Crim. P. 59(b)(1).

[6] *Id.*

[7] Fed. R. Crim. P. 59(b)(3).

[8] *Id.*

[9] *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (a "district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.") (emphasis in original).

[10] *Id.*; *United States v. Burkey*, 2009 WL 1616564, at *2 (D. Nev. June 8, 2009) (finding that defendant did not specifically object to magistrate judge's recommendation denying motion to dismiss criminal indictment, where defendant "copied and posted his Motion to Dismiss and recast it as Objections."); *cf. Carrillo v. Cate*, 2009 WL 2575888, at *1 (S.D. Cal. Aug. 17, 2009) (citing *Burkey*, and nothing that "generalized objections" do not require *de novo* review).

without actually giving general statutes and fact proven law to support his opinion." *Id*.  It is this broad objection that I consider *de novo*.

In his Order and Report and Recommendation,[11] Judge Ferenbach distilled the crux of Mr. Robertson's argument to this: Mr. Robertson believes his criminal charges should be dismissed because the United States District Court for the District of Nevada was not properly established as an Article III Court under the Constitution and laws of the United States, and only grand jurors who reside on federally owned land could properly indict him. Doc. 69 at 5-9.  Mr. Robertson largely relies on theories he copied and pasted from the website of "Dr. Eduardo M. Rivera," a disbarred attorney who holds himself out as the self-appointed Professor of Law and Government at the Ed Rivera Internet Law School.  Doc. 69 at 4, 8.  Judge Ferenbach cautioned Mr. Robertson that his reliance on Rivera's faulty advice and judicially rejected arguments may cause him substantial prejudice.  *Id.* at 5.  Judge Ferenbach then dismantled the legal theories on which Mr. Robertson's challenges to the authority of the grand jury and this court rely.  *Id.* at 6-9.

Having completed a thorough review of the record and independently researched and evaluated Mr. Robertson's legal theories, I reach the same conclusion as Judge Ferenbach that Mr. Robertson's challenges rest on deeply unsound legal analyses and the motion must be denied.  I offer no additional legal analysis because I am of the opinion that Judge Ferenbach succinctly explained the fault in Mr. Robertson's position; restating those principles in my own voice would not likely improve upon Judge Ferenbach's discussion.  I thus adopt Judge Ferenbach's reasoning in its entirety, and I conclude that none of the authorities or arguments Mr. Robertson offers in his objection persuade me otherwise.  I also echo Judge Ferenbach's warning to Mr. Robertson that continued reliance on Rivera's theories, arguments, and viewpoint is unwise.

---

[11]Doc. 69.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that Magistrate Judge Ferenbach's Report and Recommendation **[Doc. 69] is adopted in its entirety**; Mr. Robertson's Objections to the Magistrate Court's Report & Recommendation **[Doc. 71] are OVERRULED**, and his Motion to Inspect Grand Jury List **[Doc. 55] is DENIED**.

DATED: October 2, 2014.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE