# FILED UNDER SEAL

Prob12C
D/NV Form
Rev. March 2017

# United States District Court
## for
## the District of Nevada

## PETITION FOR WARRANT
## FOR OFFENDER UNDER SUPERVISION

Name of Offender: **Arquarius Robertson**

Case Number:  **2:13CR00141**

Name of Sentencing Judicial Officer: **Honorable Jennifer A. Dorsey**

Date of Original Sentence: **June 30, 2015**

Original Offense: **Conspiracy to Interfere with Commerce by Robbery, Use of a Firearm During and in Relation to a Crime of Violence, and Aiding and Abetting**

Original Sentence: **168 Months prison, followed by 60 Months TSR.**

Date of Amended Judgment: **July 6, 2020**

Amended Offense: **Conspiracy to Interfere with Commerce by Robbery**

Amended Sentence: **126 Months prison, followed by 2 years TSR.**

Date Supervision Commenced: **July 11, 2022**

Name of Assigned Judicial Officer: **Honorable Jennifer A. Dorsey**

## PETITIONING THE COURT

☒ To issue a warrant.

The probation officer believes the offender has violated the following condition(s) of supervision:

1. **Do Not Commit Another Crime** - **You must not commit another federal, state or local crime. (Mandatory)**

RE: Arquarius Robertson

On or about January 24, 2024, Robertson committed the following offenses in West Des Moines, Iowa: Intent to Deliver Cocaine Und 100g, a violation of Iowa Revised Code 124.401(1)(c)(2)(b), a felony; Possession of a Controlled Substance, Marijuana 1st Offense, a violation of Iowa Revised Code 124.401(5)(b), a misdemeanor; Possess Drug Paraphernalia, a violation of Iowa Revised Code 124.414, a misdemeanor; and Fail to Affix Drug Tax Stamp - 7 Or More Grams, a violation of Iowa Revised Code 4538.12, a felony.

According to West Des Moines Police Department (WDMPD) Incident#: 24-00414, Case #:24-00414, on January 24, 2024, at approximately 2140 hours, WDMPD officers were conducting routine patrol on Interstate 80/35 westbound just north of University Avenue bridge. A sports utility vehicle (suv) with Tennessee plates BNZ1760 was observed by the officers. As the vehicle approached the intersection with a solid yellow light, the vehicle then turned northbound on Jordan Creek Parkway and was still in the intersection when the traffic light had turned red. The vehicle had failed to comply with Iowa Code 321.257(2)(b) which states "A "steady circular yellow" or "steady yellow arrow" light means vehicular traffic is warned that the related green movement is being terminated and vehicular traffic shall no longer proceed into the intersection and shall stop.".

The vehicle continued northbound and turned onto Westown Parkway. The vehicle was observed pulling into a Starbucks parking lot located at 7350 Westown Parkway and WDMPD conducted a traffic stop on the vehicle. As the officer exited the patrol vehicle and approached on the passenger side of the vehicle, the officer observed the front female passenger, identified as Portia Keyes, moving her right arm down towards her inner leg/groin area. Once Keyes observed the officer on her side of the vehicle, she quickly pulled a blanket over her lap in what appeared to be a maneuver to cover whatever it was that she was forcibly moving with her hand between her legs. The officer spoke to the driver, identified as Arquarius Robertson, from the passenger side of the vehicle. Robertson grabbed his information and motioned for the officer to come to his side of the vehicle instead of on Keyes side of the vehicle. The officer gathered needed documents and asked Robertson to have a seat with me in the patrol car while the officer issue him a warning for the violation. Robertson complied and sat in the front seat of patrol car.

Robertson engaged in general conversation with the officer while being issued his warning and the officer conducted background checks of the vehicle and the occupants. Robertson advised the officer that Keyes and he were going from Chicago to Las Vegas. Robertson stated they were then going to go to Oregon since him and his wife were moving there. Robertson stated both parties began their trip to Las Vegas in Chicago where he rented the car. Robertson stated he knew Keyes through his wife and had

RE: Arquarius Robertson

known her for a couple months. When Robertson's background was run, he returned as being on Federal Supervision. When the officer asked Robertson about this, he denied being on probation or parole.

The officer exited the patrol vehicle to speak with Keyes once again since upon the first contact she had been moving in a manner consistent with trying to hide something. Upon contact with Keyes, a protruding hard rectangular object was observed inside her pants close to the waistline. Keyes stated that she knew Robertson from work and that they left Ohio together to go to Las Vegas. When asked why the parties were going to Las Vegas, she stated "that's where he lives". When asked about plans for why they were going there, this was the only response she had. During this conversation, Keyes was speaking normally and did not have any erratic breathing behaviors. The officer asked Keyes about what was inside her pants, she began to deeply breath and didn't answer. The officer asked Keyes to hand it to him as he had seen her trying to hide something at the beginning of the stop. Keyes reached inside her pants and continued to manipulate the object. The officer asked Keyes if it was a firearm or drugs, and she didn't reply and just kept breathing at an elevated respiration level. Keyes told the officer that the object was a machine for "diabetes" after a prolonged pause. Keyes eventually handed the officer a paper plate which had a white powder residue consistent with cocaine. The paper plate came from inside her pants and there was cocaine over the outside of her pants as well from moving the item. Keyes was asked to exit the vehicle. Keyes told the officer that she had no other contraband on her person. The officer walked Keyes back to the officer's car and read her Miranda Rights, which she acknowledged. Keyes advised the powder was cocaine.

The officer returned to the patrol car where Robertson was seated. The officer asked Robertson to exit the vehicle to have a seat in the back as the officer was going to search his vehicle. Robertson exited and advised that he may or may not have a knife on his person and if he did it would be in his front pocket. The officer conducted a pat down of his person, a knife was felt in his front right pocket. The officer opened the pocket to retrieve the knife and observed a straw that had been cut down in size. Based on the officer's training and experience, often people who consume cocaine use a straw or similar object to ingest the narcotic, so the straw was investigated. The straw had a white powder consistent with cocaine inside it. Robertson was placed in the back of the patrol car and a probable cause search of the vehicle was conducted.

Directly behind the driver seat a bag of dispensary marijuana labeled items were recovered. One white tube labeled to contain a THC vape pen was still sealed. One container of THC edibles was observed and had been opened but still had edibles inside it

RE: Arquarius Robertson

Prob12C
D/NV Form
Rev. March 2017

and was labeled to have such contents. The white THC vape cartridge had Robertson's name on the receipt that was still attached. In the front passenger area, a plastic card was recovered which had a white powdery substance on both sides and another white straw that had been cut down and contained a white powder inside it.

The officer returned to Keyes and Keyes advised once again she had no other narcotics on her person. The officer began to ask Keyes about the cocaine, she stated she didn't want to answer those questions. The officer spoke with Robertson and read him his Miranda Rights, to which he acknowledged. Robertson denied that the straw in his pocket was used to ingest cocaine and denied knowledge of the cocaine on Keyes.

While Keyes was being transported to Dallas County Jail by officers, Keyes had told the other officer she had more narcotics on her person. These narcotics were recovered from Keyes at the Dallas County Jail before being admitted to the facility. The other officer advised that a large amount of cocaine was recovered from Keyes person and that she stated it was the same substance that was on the plate. It should be noted the narcotics were once again in the groin area of Keyes, where she was observed dramatically moving at the beginning of the stop.

The marijuana labeled items were placed into evidence. The edibles had a weight of 25.3 grams with the white interior of the container attached to them. Both the edibles and THC vape were placed into property. The cocaine originally handed to the officer from Keyes was weighed in a torn evidence bag and had a gross package weight of 6.3 grams. This cocaine and the paper plate were placed into evidence. Both the card with cocaine residue and both straws were placed into evidence. At a later time, Officers arrived at the jail and were provided with the narcotics recovered from Keyes. There were two plastic bags around a large amount of white powdery substance. The substance field tested positive as cocaine. The cocaine had a gross package weight of 30.7 grams. The bags were investigated, and no tax stamp was affixed to the packaging.

Both Robertson and Keyes were arrested and transported to the Dallas County Jail by officers.

2. **Do Not Unlawfully Possess Controlled Substance** - **You must not unlawfully possess a controlled substance.  (Mandatory)**

As discussed in allegation #1, Robertson was found to unlawfully possess a controlled substance on January 24, 2024.

RE: Arquarius Robertson

Prob12C
D/NV Form
Rev. March 2017

> Directly behind the driver seat a bag of dispensary marijuana labeled items were recovered. One sealed white tube labeled to contain a THC vape pen and was recovered. One container of THC edibles was observed and had been opened but still had edibles inside it and was labeled to have such contents. The white THC vape cartridge had Robertson's name on the receipt that was still attached. The edibles had a weight of 25.3 grams. A total of 37 grams of cocaine were also recovered from the incident.

3. **Must Not Leave District** - **You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.  (Standard)**

   On January 24, 2024, Robertson was taken into custody by the West Des Moines Police Department while he was in West Des Moines, Iowa. Robertson was not given permission to leave the District of Nevada by the undersigned officer.

4. **Must Not Interact With Criminals** - **You must not communicate or interact with someone you know is engaged in criminal activity.**

   As discussed in allegation #1, on January 24, 2024, Robertson was engaged in criminal activity with Portia Keyes. Specifically, both were arrested and criminally charged with committing the following offenses in West Des Moines, Iowa: Intent to Deliver Cocaine Und 100g, a violation of Iowa Revised Code 124.401(1)(c)(2)(b), a felony; Possession of a Controlled Substance, Marijuana 1st Offense, a violation of Iowa Revised Code 124.401(5)(b), a misdemeanor; Possess Drug Paraphernalia, a violation of Iowa Revised Code 124.414, a misdemeanor; and Fail to Affix Drug Tax Stamp - 7 Or More Grams, a violation of Iowa Revised Code 4538.12, a felony.

5. **Do Not Unlawfully Use Controlled Substance** - **You must refrain from any unlawful use of a controlled substance.  You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually. (Mandatory)**

   A.  Robertson failed to report for drug testing on the following dates:

   July 25, 2022
   December 10, 2022

   B. On March 9, 2023, Robertson submitted positive urinalysis for marijuana.

6. **Debt Obligations** – **You must not incur new credit charges, or open additional lines of credit without the approval of the probation officer. (Special)**

RE: Arquarius Robertson

Prob12C
D/NV Form
Rev. March 2017

On March 9, 2023, a credit report inquiry through Equifax was reviewed. It was discovered that Robertson had opened a total of eight (8) new credit charges, and/or lines of credit without the approval of the probation officer.

**U.S. Probation Officer Recommendation**:

The term of supervision should be:

☒ Revoked

I declare under penalty of perjury that the information contained herein is true and correct,

Executed on **January 25, 2024**

Digitally signed by Nickie Pipilakis
Date: 2024.01.25 12:49:58 -08'00'

Nickie Pipilakis
United States Probation Officer

Approved:

Digitally signed by Steve Goldner
Date: 2024.01.25 12:44:20 -08'00'

Steve M Goldner
Supervisory United States Probation Officer

*THE COURT ORDERS*

☐   No Action.
☒   The issuance of a warrant.
☐   The issuance of a summons.
☐   Other:

_____
Signature of Judicial Officer

1-30-24
_____
Date

RE: Arquarius Robertson

Prob12C
D/NV Form
Rev. March 2017

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA
## UNITED STATES V. ARQUARIUS ROBERTSON, 2:13CR00141

### SUMMARY IN SUPPORT OF PETITION FOR WARRANT
### January 25, 2024

By way of case history, on June 30, 2015, Your Honor sentenced Robertson to 168 months prison, followed by 60 months supervised release for committing the offenses of Conspiracy to Interfere with Commerce by Robbery, and Use of a Firearm During and in Relation to a Crime of Violence, and Aiding and Abetting.

On July 6, 2020, Your Honor amended the judgement to Conspiracy to Interfere with Commerce by Robbery with the sentence being reduced to 126 months prison, followed by two (2) years of supervised release. On July 11, 2022, Robertson commenced supervised release in the District of Nevada.

At sentencing, Robertson was ordered to pay $34,878.34 in restitution as well as a $100.00 special assessment fee. Robertson satisfied his $100 special assessment on January 11, 2017.

On March 9, 2023, a credit report inquiry through Equifax was reviewed. It was discovered that Robertson has opened a total of eight (8) new credit charges, and/or lines of credit without the approval of the probation officer. Robertson stated that his wife opened the lines of credit to help "build up my credit". Robertson was verbally admonished and warned to not open any more lines of credit without permission. Robertson participated in a financial investigation through the undersigned officer and the financial litigation unit in which he signed a payment plan to make $400 monthly payments towards his financial obligations which began in March 2023. Robertson's restitution balance has now been completely satisfied.

On March 28, 2023, Your Honor took judicial notice of Robertson's noncompliance with drug testing and debt obligations.

On or about January 24, 2024, Robertson committed the following offenses in West Des Moines, Iowa: Intent to Deliver Cocaine Und 100g, a violation of Iowa Revised Code 124.401(1)(c)(2)(b), a felony; Possession of a Controlled Substance, Marijuana 1st Offense, a violation of Iowa Revised Code 124.401(5)(b), a misdemeanor; Possess Drug Paraphernalia, a violation of Iowa Revised Code 124.414, a misdemeanor; and Fail to Affix Drug Tax Stamp - 7 Or More Grams, a violation of Iowa Revised Code 4538.12, a felony.

On January 24, 2024, Robertson was taken into custody by the West Des Moines Police Department while he was in Des Moines, Iowa. Robertson was not given permission to leave the District of Nevada by the undersigned officer. Robertson was engaged in criminal activity with Portia Keyes.

RE: Arquarius Robertson

Prob12C
D/NV Form
Rev. March 2017

Robertson was the driver of the vehicle. Directly behind the driver seat a bag of dispensary marijuana labeled items were recovered. One sealed white tube labeled to contain a THC vape pen was recovered. One container of THC edibles was observed and had been opened but still had edibles inside it and was labeled to have such contents. The white THC vape cartridge had Robertson's name on the receipt that was still attached. The edibles had a weight of 25.3 grams. A total of 37 grams of cocaine were also recovered from the incident.

Pursuant to 18 U.S.C. § 3583(g)(1) revocation is mandatory for possession of a controlled substance in violation of the condition set forth in subsection (d). By all accounts Robertson appears to be involved in criminal activities as detailed in this petition.

Robertson has a Criminal History Category VI with the following convictions: Use / Possession of Fictitious License Plate (misdemeanor); Unsafe Turning Movement - Lane Change (misdemeanor); Immediate Report of Accident to Police (misdemeanor); No Proof of Insurance (misdemeanor); Trafficking in Controlled Substance (felony); Possess Unregistered Firearm (misdemeanor); Battery Domestic Violence (misdemeanor); Obey Traffic Signals (misdemeanor); Possession of Controlled Substance with Intent to Sell (felony); Conspiracy to Commit Obstructing A Public Officer (misdemeanor); Possession of Dangerous Drugs not to be Introduced Into Interstate Commerce (misdemeanor); Obstructing a Public Officer (misdemeanor).

Robertson's instant offense involved an armed robbery of a Garda armored vehicle which took place at the Palace Station Hotel and Casino, in Las Vegas, Nevada. The victim was a Garda delivery person. Robertson, who was carrying what appeared to be a semi-automatic, full-sized shotgun, approached the victim and ordered him to give Robertson the money. Robertson took bags of money and checks, turned, and fired a warning shot from his firearm, before entering the passenger side of a vehicle. The robbery took less than 15 seconds and the amount of money taken was determined to be $36,320.

Due to the conduct contained in this petition, in conjunction with his history of violent offenses, Robertson is considered a danger to the community and a flight risk. It is apparent there is not a single condition or combination of conditions that can ensure his compliance pending revocation proceedings. It is respectfully requested the court issue a warrant for Roberson and he remain in custody pending his revocation hearing before this Court.

Respectfully submitted,

Digitally signed by Nickie Pipilakis
Date: 2024.01.25 12:50:59 -08'00'

Nickie Pipilakis
United States Probation Officer

Approved:

RE: Arquarius Robertson

Prob12C
D/NV Form
Rev. March 2017

Digitally signed by Steve Goldner
Date: 2024.01.25 12:44:43 -08'00'

Steve M Goldner
Supervisory United States Probation Officer